IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TANGELO IP, LLC,<br><br>    PLAINTIFF,<br><br>V.<br><br>HD SUPPLY, INC. and HD SUPPLY HOLDINGS, INC.,<br><br>    DEFENDANTS. | Civil Action No. 2:15-cv-01694<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff, Tangelo IP, LLC, by and through its undersigned counsel, submits this Original Complaint against the above-named Defendants, as follows:

### NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendants' infringement of United States Patent No. 8,429,005 (the "'005 patent" or "Patent-in-Suit").

### THE PARTIES

2. Plaintiff, Tangelo IP, LLC ("Tangelo"), is a Texas company with its principal place of business at 555 Republic Drive, 2nd Floor #42, Plano, Texas 75074.

3. Upon information and belief, Defendant, HD Supply, Inc. ("HDSI") is a Delaware corporation with its principal place of business at 3100 Cumberland Boulevard, Suite 1480, Atlanta, Georgia 30339.

4. Upon information and belief, Defendant, HD Supply Holdings, Inc. ("HDSHI") is a Delaware corporation with its principal place of business at 3100 Cumberland Boulevard, Suite 1700, Atlanta, Georgia 30339.

5. Defendants HDSI and HDSHI are collectively referred to herein as "HDSupply" and "Defendants."

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. The Court has personal jurisdiction over Defendants, including because Defendants have minimum contacts within the State of Texas; Defendants have purposefully availed themselves of the privileges of conducting business in the State of Texas; Defendants regularly conducts business within the State of Texas; and Plaintiff's cause of action arises directly from Defendants' business contacts and other activities in the State of Texas, including at least by virtue of Defendants' interactive website that comprises infringing methods and apparatuses, including those accused methods and apparatuses described herein, which are at least used in and/or accessible in the State of Texas. Further, this Court has general jurisdiction over Defendants, including due to their continuous and systematic contacts with the State of Texas. Further, on information and belief, Defendants are subject to the Court's jurisdiction, including because Defendants have committed patent infringement in the State of Texas.

8. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b), including because Defendants have purposefully availed themselves of the privileges of conducting business in this District; Defendants regularly conduct business within this District; and Plaintiff's cause of action arises directly from Defendants' business contacts and other activities in this District, including at least by virtue of Defendants' interactive website that comprises infringing methods and apparatuses, including those accused methods and apparatuses

described herein, which are at least used in and/or accessible in this District.

## INTRODUCTION

A.    *Tangelo LLC*

9. Tangelo's closely related operating entity is Tangelo, LLC (formerly known as Active8media, LLC), a developer of advanced interactive and shoppable image products. Tangelo's technology is already used by many major publishers to drive sales and connect readers and customers.  Tangelo, LLC was awarded a MAX Marketing Award for its interactive image technology. It was also showcased on CNBC's Power Lunch for the implementation of Vogue Magazine's interactive ad images and the resulting highest revenue issue in Vogue's 110-year history.

10. Among other things, Tangelo, LLC operates Tangelo Images, a user interface application for creating interactive brand and user-generated photos.  In addition, Tangelo, LLC launched Tangelo Tags within the Facebook app center to allow brand and individual users to create interactive and shoppable photos within Facebook's timeline. Tangelo, LLC has been recognized as a TAG Top 40 - Georgia's Most Innovative Companies.

11. Todd Mannik is a co-founder of Tangelo, LLC.  Since at least 1999, Mr. Mannik has dedicated his career to focusing on the interactivity of photo images and the discovery of what's "inside" a photo.  Mr. Mannik is the co-inventor of several patents, including the Patent-In-Suit, which represent pioneering advances in the transformation of images into interactive and shoppable images online.

B.    *Patent-in-Suit*

12. Mr. Mannik is the first listed co-inventor on the Patent-In-Suit, which is U.S. Patent No. 8,429,005 (the "'005 patent").  The '005 patent is a continuation-in-part of U.S. Patent No.

6,535,889, which is a continuation-in-part of U.S. Patent No. 6,557,006. The earliest filing in the priority chain leading up to the '005 patent is U.S. Patent Application No. 09/406,171, filed on Sep. 23, 1999.

13. The technology recited in the claims of the '005 patent provides an inventive concept and does not claim an abstract idea. The inventive concept greatly enhances and facilitates technological methods and apparatuses which comprise providing of electronic and interactive catalogs comprising replications of product images appearing in a corresponding physical catalogs, wherein the electronic and interactive replications include selectable portions corresponding with the image replications, and wherein selection of the selectable portions provides additional product information and enables a user to initiate an online purchase of the product.

14. One inventive component of the '005 patent is improving electronic catalogs in ways that are necessarily rooted in computer technology to overcome problems specifically arising in the realm of computer networks, including the Internet. The claims recite an invention that was not merely a routine or conventional use of the Internet.

15. The technology claimed in the '005 patent does not preempt all types of electronic catalogs or anything else. For example, the prior art cited on the face of the '005 patent remains available for practice by the Defendants, and the '005 patent claims do not preempt practice of those prior art methods.

16. The '005 patent claims cannot be practiced by a human alone and there exists no human analogue to the methods claimed in the '005 patent. The claims are specifically directed to, *inter alia*, the electronic and interactive replication of product images appearing in a corresponding physical publication page, wherein the electronic and interactive replications include selectable portions corresponding with duplications of the appearance of the product, and wherein selection

of the selectable portions provides additional product information and enables a user to initiate an online purchase of the product.  These things exist only in the context of computers.

17. Tangelo is the owner of the '005 patent and it has all substantial rights, including the right and standing to sue and recover damages for past, present, and future infringement of the patent.

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,429,005

18. Plaintiff refers to and incorporates herein the allegations of Paragraphs 1-17 above.

19. The '005 patent, entitled "Method for Determining Effectiveness of Display of Objects in Advertising Images," was duly and legally issued by the USPTO on April 23, 2013 after full and fair examination.

20. The claims of the '005 patent cover, *inter alia*, methods, apparatuses, and computer readable media, including associated with websites and/or apps, for providing an electronic and interactive replication of product images appearing in a corresponding physical publication page comprising: a host computer that associates a page number of a physical publication page with an electronic and interactive replication of at least a portion of the physical publication page, wherein the physical publication page has products appearing thereon with the page number, wherein the electronic and interactive replication comprises exact duplications of the appearances of the products, wherein the electronic and interactive replication includes selectable portions corresponding with duplication of the appearance of the products, and wherein selection of the selectable portions provides additional product information about the products and enables a user to initiate an online purchase of products, and an application executed by the host computer that provides the electronic and interactive representation to a computing device of a user and in response to receiving input representing the page number.

21. Defendants have infringed and are now infringing, including literally, jointly, and/or

equivalently, the '005 patent in this judicial district, the State of Texas, and elsewhere in the United States, in violation of 35 U.S.C. § 271 through actions comprising the practicing, making, using, offering for sale, selling, and/or hosting without authority from Plaintiff, methods and computer readable media for methods, apparatuses, and computer readable media, including associated with websites and/or apps, for providing an electronic and interactive replication of product images appearing in a corresponding physical publication page comprising: a host computer that associates a page number of a physical publication page with an electronic and interactive replication of at least a portion of the physical publication page, wherein the physical publication page has products appearing thereon with the page number, wherein the electronic and interactive replication comprises exact duplications of the appearances of the products, wherein the electronic and interactive replication includes selectable portions corresponding with duplication of the appearance of the products, and wherein selection of the selectable portions provides additional product information about the products and enables a user to initiate an online purchase of products, and an application executed by the host computer that provides the electronic and interactive representation to a computing device of a user and in response to receiving input representing the page number.  Defendants infringe the '005 patent by and through at least their practicing, making, and using of electronic catalogs at hdsupply.shoplocal.com, including the electronic catalogs at http://hdsupply.shoplocal.com/hdsupply#entry.

22. On information and belief, Defendants have had at least constructive notice of the '005 patent pursuant to the Patent Act.  Plaintiff reserves the right to take discovery regarding Defendants' first actual notice of the '005 patent.

23. Each of Defendants' aforesaid activities have been without authority and/or license from Plaintiff.

24. By way of their infringing activities, Defendants have caused and continue to cause Plaintiff to suffer damages, and Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

25. Defendants' infringement of Plaintiff's rights under the Patent-in-Suit will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

26. Plaintiff also requests that the Court make a finding that this is an exceptional case entitling Plaintiff to recover its attorneys' fees and costs pursuant to 35 U.S.C. § 285.

## JURY DEMAND

27. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on all issues so triable.

## PRAYER FOR RELIEF

28. Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the Patent-in-Suit has been directly infringed, either literally and/or under the doctrine of equivalents, by Defendants;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for Defendants' acts of infringement, together with pre-judgment and post-judgment interest;

C. A grant of preliminary and permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendants and all persons acting in concert therewith from further acts of infringement with respect to the claims of the Patent-in-Suit;

D. That this Court declare this to be an exceptional case and award Plaintiff reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

E. A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, fees, and prejudgment and post-judgment interest for Defendants' infringement of the Patent-in-Suit as provided under 35 U.S.C. §§ 284 and/or 285; and

F. Any and all further relief for which Plaintiff may show itself justly entitled that this Court deems just and proper.

October 29, 2015

Respectfully submitted,

*/s/ John J. Edmonds*
John J. Edmonds – Lead Counsel
Texas Bar No. 789758
Stephen F. Schlather
Texas Bar No. 24007993
Shea N. Palavan
Texas Bar No. 24083616
**COLLINS, EDMONDS, POGORZELSKI,
SCHLATHER & TOWER, PLLC**
1616 South Voss Road, Suite 125
Houston, Texas 77057
Telephone: (281) 501-3425
Facsimile: (832) 415-2535
Email: jedmonds@cepiplaw.com
         sschlather@cepiplaw.com
         spalavan@cepiplaw.com

*Attorneys for Plaintiff,
Tangelo IP, LLC*